**THE LAW OFFICE OF ROBERT L. STARR**
Robert L. Starr, State Bar No. 183052
robert@starrlaw.com
23901 Calabasas Road, Suite 2072
Calabasas, CA 91302

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA ESTRADA, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION** |
| vs. | **COMPLAINT FOR:** |
| VOLKSWAGEN GROUP OF AMERICA, INC., and DOES 1 through 100, inclusive, | **(1) VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE, SECTION 17200,** *et seq.* |
| Defendants. | **(2) VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT, CAL. CIV. CODE SECTION 1770,** *et seq.* |
| | **JURY TRIAL DEMANDED** |

Plaintiff Yolanda Estrada ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, brings this action against Defendant Volkswagen Group of America, Inc., ("Defendant" or "VOLKSWAGEN"), upon information and belief, except as to her own actions, the investigation of his counsel, and facts that are a matter of public record. The term "Vehicle" shall refer to the 2013 VOLKSWAGEN Passat purchased by Plaintiff, VIN 1VWBP7A39DC149773 ("Vehicle"). Plaintiff alleges as follows:

## INTRODUCTION

1.    Dating back to 2009, VOLKSWAGEN has distributed Partial Zero Emissions Vehicles ("PZEV"), as defined by California Code of Regulations ("CCR") Title 13, Section 1962.1, to consumers in the state of California. VOLKSWAGEN has received Zero Emissions Vehicle ("ZEV") credits from the state of California relating to the distribution of the PZEV vehicles. In exchange for VOLKSWAGEN receiving ZEV credits, VOLKSWAGEN was and is required to extend the California emissions warranty as defined by CCR Title 13, Section 2037 and 2038, relating to the PZEV vehicles, to 15-years or 150,000 miles.

2.    This consumer class action arises out of VOLKSWAGEN's failure to properly identify and pay for all of the parts and labor that should correctly be covered for 15-years or 150,000 miles, pursuant to CCR Title 13, Section 1962.1, 2035, 2037 and 2038, ("California Emissions Warranty"), relating to 2009 through 2017 VOLKSWAGEN PZEV vehicles. As a result, Plaintiff and members of the Class and Subclass are paying out of pocket for repairs that should be covered under the California Emissions Warranty. Plaintiff's claims apply to all Model Year 2009-2017 VOLKSWAGEN PZEV vehicles which qualify for coverage pursuant to the California Emissions Warranty ("Class Vehicles").

3.    VOLKSWAGEN has violated, and continues to violate, California law in that VOLKSWAGEN fails to cover under the California Emissions Warranty all of the parts and labor costs relating to the diagnosis and repairs of all defective emissions components that VOLKSWAGEN is required to cover for Class Vehicles, for 15-years or 150,000 miles whichever occurs first, as required by CCR Title 13, Section 1962.1, 2035, 2037, and 2038.

///

4.      By not comprehensively identifying to consumers and factory authorized repair facilities all of the parts that should be covered under the California Emissions Warranty, VOLKSWAGEN has wrongfully limited the warranty coverage for those parts.

5.      Plaintiff seeks reimbursement for, *inter alia*, all out of pocket costs paid for repairs that should have been covered under the California Emissions Warranty relating to Class Vehicles, and an injunction to compel VOLKSWAGEN to properly identify and cover all parts that should be covered under the California Emissions Warranty.

## BACKGROUND

6.      For decades, VOLKSWAGEN has been in the business of importing and distributing vehicles to the State of California, with the intent to sell vehicles to consumers in California. As such, the VOLKSWAGEN vehicles have been subject to state and federal regulations regarding both emissions standards and regarding VOLKSWAGEN's obligations to provide consumers with warranties relating to emissions parts.

7.      CCR Title 13 Section 1962.1, 2035, 2037, and 2038, requires that, for PZEV Vehicles, all defects in materials or workmanship that would cause the vehicle's on-board diagnostic malfunction indicator light to illuminate (as defined in CCR Title 13 Section 2037), all defects in materials or workmanship that would increase emissions, and all defects in materials or workmanship that would result in a vehicle not being able to pass a California smog check are warranted for *15-years* or *150,000 miles*, whichever occurs first (italics added), pursuant to the California Emissions Warranty. The 15-year warranty period is reduced to 10 years or 150,000 miles only for "a zero-emission energy storage device used for traction power (such as a battery, ultracapacitor, or other electric storage device)." The Class Vehicles are all defined as PZEV vehicles as defined by CCR Title 13 Section 1962.1, for which the California Emissions Warranty provides coverage.

8.      As alleged herein, VOLKSWAGEN has failed to comply with its warranty obligations pursuant to the California Emissions Warranty.

///

///

9.      VOLKSWAGEN has unilaterally defined and wrongfully limited the parts of the Class Vehicles that should properly be identified as parts covered by the California Emissions Warranty, and covered for 15-years/150,000 miles under CCR Title 13 Section 1962.1.

10.     Section 1962.1 requires that, relating to Class Vehicles, any warranted part, as defined by the CCR, that when defect would cause the vehicle's on-board diagnostic malfunction indicator light to illuminate, increase emissions or that would result in the vehicle not being able to pass a California smog check must be covered for 15-years/150,000 miles. However, VOLKSWAGEN's California Emissions Warranty for the Class Vehicles identifies only a handful of emissions parts that VOLKSWAGEN contends qualify for the California Emissions Warranty's 15-year/150,000-mile warranty coverage. That list, generated by VOLKSWAGEN, for its own financial benefit to save warranty costs, is woefully inadequate and incomplete and fails to identify, or provide extended warranty coverage for, *all* of the emissions related parts that, in fact, qualify for extended 15-year/150,000-mile coverage under Section 1962.1.

11.     VOLKSWAGEN is acting as alleged herein in order to limit its warranty exposure. By narrowly self-defining the parts that are required to be covered under the California Emissions Warranty, VOLKSWAGEN is able to reduce the amount of money that VOLKSWAGEN spends on warranty-related repairs, knowing that most if not all dealerships or consumers will not investigate or understand what components should actually and correctly be covered under the California Emissions Warranty as required by the California Code of Regulations.

12.     As a result of VOLKSWAGEN's conduct, Plaintiff and Class members have paid and are continuing to pay out of pocket for repairs that should be covered under the California Emissions Warranty.

13.     Plaintiff's theory does not depend on the premise that CARB was deceived by the information that VOLKSWAGEN submitted, or that CARB ever expressed a concern about VOLKSWAGEN's classification of components as being covered by the California Emissions Warranty.  Plaintiff is not accusing CARB of mismanagement or blaming CARB for

1  VOLKSWAGEN's inaccuracy. VOLKSWAGEN alone is responsible for selecting and

2  identifying to CARB the parts that VOLKSWAGEN has unilaterally identified as being covered

3  by the California Emissions Warranty, as part of its application for vehicle certification. That

4  list may be correct as far as it goes or as far as CARB may know. But, as Plaintiff alleges, the

5  list of parts VOLKSWAGEN submitted to CARB was incomplete, as evidenced by Plaintiff's

6  own experience.

7  **JURISDICTION AND VENUE**

8      14.    This Court has original jurisdiction over the subject matter of this action

9  pursuant to 28 U.S.C. § 1332(d)(2)(A) because: (i) members of the Class are citizens of a state

10  different from that of VOLKSWAGEN; and (ii) aggregating the claims of individual Class

11  members, the total matter in controversy exceeds the sum or value of $5,000,000, exclusive of

12  interests and costs. Further, 28 U.S.C. § 1332(d)(5) does not apply because (i)

13  VOLKSWAGEN is not a state, state official, or other governmental entity against whom the

14  Court may be foreclosed from ordering relief, and (ii) the number of members of the Class in

15  the aggregate exceeds 100.

16      15.    This Court has personal jurisdiction over VOLKSWAGEN because

17  VOLKSWAGEN has sufficient minimum contacts with California, having intentionally

18  availed itself of the California market so as to render the exercise of jurisdiction over it by this

19  District Court consistent with traditional notions of fair play and substantial justice.

20      16.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 because

21  VOLKSWAGEN conducts business within the State of California, has failed to designate with

22  the office of the California Secretary of State a principal place of business in California, and a

23  substantial part of the events giving rise to the claims alleged herein occurred in this District.

24  **PARTIES**

25      17.    Plaintiff Yolanda Estrada is, and at all times relevant hereto has been, a resident

26  and citizen of the State of California, County of Los Angeles.

27      18.    VOLKSWAGEN was and is, upon information and belief, a New Jersey

28  corporation doing business in California.

19.     The true names and capacities of Defendants sued in this Complaint as Does 1 through 100, inclusive, are currently unknown to Plaintiff, and therefore Plaintiff sues such Defendants by such fictitious names.

20.     Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 100 were the partners, agents, owners, shareholders, managers, or employees of VOLKSWAGEN at all relevant times.

21.     Plaintiff is informed and believes, and on that basis alleges that each of the fictitiously named Defendants was in some manner legally responsible for the actionable and unlawful actions, policies and practices as alleged herein. Plaintiff will amend this Complaint to set forth the true names and capacities of said Defendants, along with the appropriate charging allegations, when the same have been ascertained, as may be necessary. Each reference in this Complaint to "VOLKSWAGEN" or "Defendant" is also a reference to all Defendants sued as Does 1 through 10.

22.     Plaintiff reserves the right to expand, limit, modify, or amend these allegations at any time, based upon, inter alia, changing circumstances and/or new facts obtained during discovery.

## PLAINTIFF'S FACTS

*Vehicle Purchase*

23.     On August 2, 2013, Plaintiff purchased the Vehicle from Bozzani Volkswagen, located in Covina, California, California, county of Los Angeles. At the time of purchase, Bozzani Volkswagen was a VOLKSWAGEN factory authorized dealership and repair facility, authorized to sell vehicles in the state of California, and selling vehicles in the state of California.

24.     The Vehicle came with a VOLKSWAGEN new car warranty, and with the California Emissions Warranty. Plaintiff received a warranty booklet. The warranty booklet provided to Plaintiff indicated that the Vehicle's warranty included coverage pursuant to the California Emissions Warranty.

///

*Repairs to the Vehicle*

25.    On August 16, 2019, at 44,424 miles, Plaintiff presented the Vehicle to Bozzani Volkswagen for repairs. At the time of presentation, the Vehicle was still covered under the California Emissions Warranty. Plaintiff complained that the EPC light would come on at times. Bozzani Volkswagen found that the engine harness and the cam position sensor were faulty as well as the throttle body being dirty. Bozzani Volkswagen recommended that the engine harness and the cam position sensor be replaced. The engine harness and cam position sensor were not identified by VOLKSWAGEN as being parts covered under the California Emissions Warranty. Prior to this repair attempt, Plaintiff had purchased a service contract which provided coverage for the Vehicle. Bozzani Volkswagen submitted the repairs relating to the engine harness and cam position sensor for payment through Plaintiff's service contract. There was a deductible relating to repairs paid for by the service contract. As a result, Plaintiff incurred out of pocket expenses relating to these repairs, due to Plaintiff paying the deductible. Pursuant to CCR Title 13 Section 1962.1, 2035, 2037 and 2038, the engine harness defect and cam position sensor defect identified by Bozzani Volkswagen fell within the California Emissions Warranty, and as a result, these repairs should have been covered under the California Emissions Warranty. The cost to diagnose and repair the defects should have been covered by VOLKSWAGEN. VOLKSWAGEN did not extend coverage relating to the repairs. As a result, Plaintiff suffered damage.

26.    VOLKSWAGEN's conduct violates California's unfair business practices statute, California Business and Professions Code section 17200, *et seq.* (the "UCL"), and violates the Consumers Legal Remedies Act, Civil Code section 1750, *et seq.*

27.    Plaintiff and other members of the Class have suffered damage as a result of VOLKSWAGEN's wrongful conduct.

28.    On February 11, 2021, pursuant to California Civil Code Section 1782, counsel for Plaintiff sent VOLKSWAGEN a letter, notifying VOLKSWAGEN in writing of Plaintiff's claims under the Consumers Legal Remedies Act relating to said VOLKSWAGEN Warranty concealment. Said letter provided VOLKSWAGEN with an opportunity to take actions to

1  remedy said unlawful practices. VOLKSWAGEN failed to take actions to remedy said unlawful

2  practices.

3        29.     By failing to provide a 15-year 150,000-mile warranty for repairs that are by

4  operation of law covered under the California Emissions Warranty, VOLKSWAGEN has

5  violated the UCL and CLRA.

6  **PLAINTIFF'S CLASS ACTION ALLEGATIONS**

7        30.     Plaintiff re-alleges and incorporates by reference each allegation set forth above.

8        31.     Plaintiff brings this class action pursuant to Federal Rules of Civil Procedure

9  Rules 23(a), (b)(2) and (b)(3) on behalf of herself and members of the Class as defined below.

10       32.     Excluded from the Class are Defendant, and its subsidiaries and affiliates; its

11 current and former officers, directors, and employees (and members of their immediate

12 families); and the legal representatives, heirs, successors or assigns of any of the foregoing.

13       33.     All claims alleged herein arise under California law for which Plaintiff seeks

14 relief authorized by California law.

15       34.     Plaintiff's proposed class ("Class Members") consists of and is defined as

16 follows:

17
18         All persons in California who have been owners or lessees of Class Vehicles and who have paid for diagnosis, labor and parts relating to repairs that should have been covered under the California Emissions Warranty for 15-years or 150,000 miles (the "Class").
19

20       35.     Plaintiff's proposed subclass consists of and is defined as follows:

21
22         All persons in California who have been owners or lessees of Class Vehicles and who have paid for diagnosis, labor and parts relating to defective engine harnesses and cam position sensors that should have been covered under the California Emissions Warranty for 15-years or 150,000 miles (the "Subclass").
23

24       36.     On behalf of the Class and Subclass, Plaintiff seeks injunctive relief requiring

25 VOLKSWAGEN to identify all of the parts or components that should have been, and that

26 should be, properly covered under the 15-year and 150,000 mile California Emissions Warranty

27 relating to the Class Vehicles.

28 ///

37.     On behalf of the Class and Subclass, Plaintiff also seeks reimbursement for the money wrongfully paid by Plaintiff and the Class relating to repairs that should have been covered by VOLKSWAGEN under the 15-year and 150,000 mile California Emissions Warranty during the Class period.

38.     Plaintiff reserves the right to redefine the Class and Subclass and to add subclasses as appropriate based on further investigation, discovery, and specific theories of liability.

39.     Plaintiff reserves the right, based on further investigation and discovery, to redefine or expand the Class and/or to add subclasses to include other warranted parts. Further, per the terms of the warranty book, the California Emission System Warranties apply to vehicles registered in California as well as other states. Therefore, Plaintiff reserves the right to expand the Class or subclass to include the same parts on vehicles registered in states other than California.

40.     As required by Fed. R. Civ. P. 23(a)(2) and (b)(3), there are questions of law and fact common to the Class, and those common questions predominate over any questions affecting only individual members. Among the common questions of law and fact include:

(a)     Whether VOLKSWAGEN has failed, and is failing, to comply with the California Emissions Warranty relating to the Class Vehicles by failing to provide a 15-year and 150,000 mile California Emissions Warranty coverage for all parts that should be defined by VOLKSWAGEN as warranted parts pursuant to the CCR.

(b)     Whether VOLKSWAGEN has failed, and is failing, to identify for Class Members and dealerships all of the parts relating to Class Vehicles that should be identified as covered under the 15-year and 150,000 mile California Emissions Warranty.

///

///

///

1    (c)    Whether VOLKSWAGEN has engaged in, and is engaging in, a systematic

2           business practice of intentionally failing to identify all of the parts of the Class

3           Vehicles that should be identified covered under the 15-year and 150,000 mile

4           California Emissions Warranty.

5    (d)    Whether VOLKSWAGEN has failed, and is failing, to identify all of the parts of

6           the Class Vehicles that should be identified and covered by the 15-year and

7           150,000 mile California Emissions Warranty in an effort to reduce the amount of

8           money that VOLKSWAGEN spends on warranty related repairs.

9    (e)    Whether VOLKSWAGEN's conduct of failing to identify all of the parts of the

10          Class Vehicles that should be identified as covered by the 15-year and 150,000

11          mile California Emissions Warranty results in consumers suffering financial loss.

12   (f)    Whether VOLKSWAGEN's conduct of failing to identify all of the parts of the

13          Class Vehicles that should be identified as covered by the 15-year and 150,000

14          mile California Emissions Warranty results in wrongfully minimizing the amount

15          of money that VOLKSWAGEN has to pay out in warranty claims.

16   (g)    Whether VOLKSWAGEN's conduct of failing to identify all of the parts of the

17          Class Vehicles that should be identified as covered by the 15-year and 150,000

18          mile California Emissions Warranty violates California law.

19   (h)    Whether VOLKSWAGEN has engaged in, and is engaging in, unlawful and

20          unfair business practices in violation of California Business & Professions Code

21          section 17200, *et seq.* with regard to VOLKSWAGEN's failure to identify all of

22          the warranted parts of the Class Vehicles that should be covered by the 15-year

23          and 150,000 mile California Emissions Warranty.

24   (i)    Whether Plaintiff and Class members are entitled to injunctive relief regarding

25          VOLKSWAGEN's failure to identify all of the warranted parts of the Class

26          Vehicles that should be covered by the 15-year and 150,000 mile California

27          Emissions Warranty.

28   ///

(j)     The appropriate amount of restitution, or monetary penalties resulting from
        VOLKSWAGEN's violations of California law.

(k)     Whether VOLKSWAGEN has engaged in, and is engaging, in concealment
        relating to VOLKSWAGEN's failure to identify all of the warranted parts of the
        Class Vehicles that should be covered by the 15-year and 150,000 mile
        California Emissions Warranty.

(l)     Whether VOLKSWAGEN has violated and is violating the Consumers Legal
        Remedies Act, Civil Code section 1750, *et seq.*, with regard to
        VOLKSWAGEN's failure to identify all of the warranted parts of the Class
        Vehicles which should be covered by the 15-year and 150,000 mile California
        Emissions Warranty.

41.    Numerosity: As required by Fed. R. Civ. P. 23(a)(1), the members of the Class
are so numerous that joinder of all Class members would be unfeasible and impractical, and the
resolutions of their claims through the procedure of a class action will be of benefit to the
Parties and the Court. The membership of the entire Class is unknown to Plaintiff at this time;
however, the Class is estimated to be greater than one hundred (100) individuals and the identity
of such membership is readily ascertainable by inspection of Defendant's records.

42.    Typicality: As required by Fed. R. Civ. P. 23(a)(3), Plaintiff's claims are typical
of the claims of all Class members since Plaintiff and all members of the Class suffered
damages as result of Defendant's concealment and wrongful conduct set forth herein.

43.    Adequacy: As required by Fed. R. Civ. P. 23(a)(4), Plaintiff will fairly and
adequately protect the interests of the members of the Class. Plaintiff has no interests adverse or
antagonistic to those of the Class and has retained counsel competent and experienced in class
action litigation who will zealously prosecute this matter on behalf of the Class to its conclusion

///

///

///

///

44.    Superiority: As required by Fed. R. Civ. P. 23(b)(3), the nature of this action makes the use of class action adjudication superior to other methods. A class action will achieve economies of time, effort, and expense as compared with separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class.

45.    Defendant keeps extensive computerized records of its customers. Defendant has one or more databases through which a significant majority of Class members may be identified and ascertained, and it maintains contact information, including email and home mailing addresses, through which notice of this action could be disseminated in accordance with due process requirements.

46.    Class certification of Plaintiff's claims is also appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class.

## **TOLLING OF THE STATUTE OF LIMITATIONS**

47.    VOLKSWAGEN has actively engaged in misleading, and dishonest conduct relating to its failure to properly identify parts of the Class Vehicles that should be identified as covered under the 15-year and 150,000 mile California Emissions Warranty. Despite acting diligently, Plaintiff and the Class cannot be reasonably expected on their own to learn or discover what parts and repairs of the Class Vehicles should be identified as warranted parts covered under the 15-year and 150,000 mile California Emissions Warranty. Therefore, the discovery rule is applicable to the claims asserted by Plaintiff and members of the Class, and the statute of limitations for bringing the claims set forth herein should be tolled.

48.    VOLKSWAGEN has actual and constructive knowledge that it is violating California law by failing to identify all of the parts of the Class Vehicles that should be identified as warranted parts, and by failing to provide a 15-year and 150,000 mile California Emissions Warranty relating to said parts. VOLKSWAGEN has concealed from Plaintiff and members of the Class that VOLKSWAGEN is violating California law as set forth herein.

49.     Any applicable statute of limitation is tolled by VOLKSWAGEN's knowledge, active concealment, and wrongful conduct set forth herein. VOLKSWAGEN is further estopped from relying on any statute of limitation because of its concealment set forth herein.

**FIRST CLAIM FOR RELIEF**

**Violation of California Unfair Competition Law**

**(Cal. Bus. & Prof. Code §§ 17200, *et seq.*)**

50.     Plaintiff re-alleges and incorporates by reference each allegation set forth above.

51.     California Business and Professions Code section 17200, *et seq.* (the "UCL") prohibits "any unlawful, unfair or fraudulent business act or practice." VOLKSWAGEN has committed acts of unfair competition proscribed by the UCL, including the acts and practices alleged herein.

52.     The UCL imposes strict liability. Plaintiff need not prove that VOLKSWAGEN intentionally or negligently engaged in unlawful or unfair business practices – only that such practices occurred.

53.     VOLKSWAGEN is a "person" as defined by Business & Professions Code § 17201.

54.     As a direct and proximate result of VOLKSWAGEN's acts and practices in violation of the UCL, Plaintiff and members of the Class have suffered injury in fact and lost money or property as set forth above and will continue to do so.

**Unlawful Prong**

55.     A business practice is "unlawful" under the UCL if it is forbidden by law or regulations, including standard of professional conduct. The violation of any law or regulation may serve as the predicate for a violation of the "unlawful" prong of the UCL.

56.     VOLKSWAGEN failed to comply with the California Emissions Warranty requirements regarding the Class Vehicles pursuant to the CCR by failing to provide 15-year and 150,000 mile warranty coverage for the parts and labor cost to diagnose and repair parts covered under the California Emissions Warranty. This conduct is a violation of CCR Title 13 Section 1962.1, 2035, 2037 and 2038, and is unlawful. The failure has resulted in damage to

1   Plaintiff and members of the Class.

2       57.     Moreover, while Plaintiff does not yet know the specific information that

3   VOLKSWAGEN did or did not provide to CARB with respect to what parts of the Class

4   Vehicles should be covered by the 15-year 150,000 mile California Emissions Warranty. On

5   information and belief, VOLKSWAGEN unlawfully did not designate to CARB all of the parts

6   of the Class Vehicles that should have 15-year and 150,000 mile California Emissions Warranty

7   coverage.

8       58.     VOLKSWAGEN's conduct also violates the unlawful prong in that

9   VOLKSWAGEN has violated the CLRA as further alleged below.

10      59.     VOLKSWAGEN's acts of unlawful competition as set forth above present a

11  continuing threat and will persist and continue to do so unless and until this Court issues

12  appropriate injunctive relief. Plaintiff also seeks attorneys' fees and costs pursuant to, inter alia,

13  C.C.P. Section 1021.5.

14                          **Unfair Prong**

15      60.     VOLKSWAGEN's conduct violates the unfair prong of the UCL.

16      61.     An act or practice is unfair if the consumer injury is substantial, is not

17  outweighed by any countervailing benefits to consumers or to competition and is not an injury

18  the consumers themselves could reasonably have avoided. An act or practice also is unfair if it

19  offends an established public policy or is immoral, unethical, oppressive, unscrupulous or

20  substantially injurious to consumers. An act or practice also is unfair if Plaintiff's claims are

21  "tethered" to specific constitutional, statutory or regulatory provisions. VOLKSWAGEN's

22  conduct violates all of these definitions.

23      62.     As alleged above, VOLKSWAGEN engages and has engaged in a systematic

24  business practice of intentionally failing to identify in the Class Vehicles' warranty booklet at

25  the time of distribution, and in resources provided to its dealerships, numerous parts of the Class

26  Vehicles that VOLKSWAGEN is obligated to identify as being covered by the 15-year 150,000

27  mile California Emissions Warrranty by operation of law, including specifically the parts

28  referenced in the subclass. VOLKSWAGEN does this in an effort to reduce the amount of

1    money that VOLKSWAGEN spends on warranty-related repairs knowing that it would be very

2    difficult if not impossible for most consumers to discover this unlawful conduct. If

3    VOLKSWAGEN complied with California law and properly identified all of the parts of the

4    Class Vehicles that should be identified as covered under the California Emissions Warranty,

5    then VOLKSWAGEN dealerships would properly provide warranty coverage for said warranted

6    parts.

7        63.    Further, VOLKSWAGEN's conduct is unfair because it intentionally refuses to

8    provide warranty coverage for the sole purpose of wrongfully limiting its warranty claims, with

9    no regard for the fact that the public is being forced to pay for repairs which should be covered

10    under the 15-year and 150,000 mile California Emissions Warranty. Plaintiff and members of

11    the Class have suffered injury in fact and lost money or property as a result of

12    VOLKSWAGEN's unfair business acts and practices as set forth in detail.

13        64.    VOLKSWAGEN's failure to properly identify the all of the parts of the Class

14    Vehicles that should be provided 15-year 150,000 miles California Warranty Coverage is a

15    uniform, systematic, and intentional business practice on the part of VOLKSWAGEN to

16    minimize the amount of money that VOLKSWAGEN has to pay out in warranty claims. This

17    conduct violates California law.

18        65.    As a direct and proximate result of VOLKSWAGEN's acts and practices in

19    violation of the UCL, Plaintiff and members of the Class have paid out of pocket to repair or

20    replace parts of the Class Vehicles that should have been covered by VOLKSWAGEN under

21    the 15-year and 150,000 mile California Emissions Warranty. As a result, consumers have been

22    forced to pay out of pocket to repair or replace vehicle components that should be covered under

23    warranty, which is clearly unfair.

24        66.    VOLKSWAGEN's conduct does not benefit consumers or competition. Plaintiff

25    and members of the Class could not reasonably avoid the injury each of them suffered or will

26    suffer, which injury is substantial. VOLKSWAGEN's conduct only benefits VOLKSWAGEN,

27    by VOLKSWAGEN wrongfully avoiding having to pay warranty claims which should be

28    covered by the 15-year and 150,000 mile California Emissions Warranty.

67.     The gravity of the consequences of VOLKSWAGEN's conduct as described above outweighs the justification, motive or reason therefor, is immoral, unethical and unscrupulous.

68.     VOLKSWAGEN's conduct also offends established public policy that is tethered to legislatively declared policies as set forth in the laws detailed above, including California laws and regulations regarding California's Emission Control System Warranty Requirements, or is substantially injurious to the public, for the reasons set forth above.

69.     To the extent that any definition of "unfair" requires a balancing test or weighing various factors, such an inquiry is fact intensive and requires a full factual record as to VOLKSWAGEN's justification and motives for its conduct, and as to the impact of VOLKSWAGEN's conduct on Plaintiff and Class members.

70.     VOLKSWAGEN's acts of unfair competition as set forth above present a continuing threat and will persist and continue to do so unless and until this Court issues appropriate injunctive relief. Plaintiff also seeks attorneys' fees and costs pursuant to, *inter alia*, C.C.P. § 1021.5.

## Deceptive Prong

71.     Plaintiff's claim under this prong is predicated on omissions, not misrepresentations. While the warranty booklet for Class Vehicles claims to identify all of the parts covered under the 15-year and 150,000 mile California Emissions Warranty, the warranty booklet omits numerous parts that that should have been listed as covered by the 15-year and 150,000 mile California Emissions Warranty.

72.     VOLKSWAGEN engages in a uniform and systematic business practice of intentionally failing to identify in the VOLKSWAGEN warranty booklet, and in resources provided to its dealerships, all of the parts of the Class Vehicles which should be covered under the 15-year and 150,000 mile California Emissions Warranty. This has intentionally misled consumers with regard to what parts are covered under the 15-year and 150,000 mile California emissions warranty, and reduces the amount of money that VOLKSWAGEN spends on warranty-related repairs. If VOLKSWAGEN complied with California law, and properly

1  identified all parts of Class Vehicles as covered under the California Emissions Warranty which

2  should be identified as such, then VOLKSWAGEN dealerships would properly provide

3  warranty coverage for said warranted parts.

4      73.    VOLKSWAGEN's wrongful conduct is a systematic and intentional business

5  practice on the part of VOLKSWAGEN to minimize the amount of money that

6  VOLKSWAGEN has to pay out in warranty claims. This conduct violates California law.

7      74.    Said conduct is likely to deceive an ordinary consumer as VOLKSWAGEN

8  concealed this information from consumers and from VOLKSWAGEN's dealerships, in an

9  effort by VOLKSWAGEN to minimize the amount of money that VOLKSWAGEN has to pay

10  out in warranty claims. One of the ways VOLKSWAGEN misleads consumers relates to the

11  information that VOLKSWAGEN provides to consumers in the VOLKSWAGEN warranty

12  book. VOLKSWAGEN intentionally omits information from the warranty book by intentionally

13  failing to classify all of the parts of the Class Vehicles as parts that should be covered under the

14  15-year and 150,000 mile California emissions warranty.

15      75.    Plaintiff and the Class have justifiably relied on the information in the warranty

16  booklet about what parts of the Class Vehicles should be covered under the 15-year 150,000

17  California Emissions Warranty, have been deceived, and have suffered damage as a result of

18  VOLKSWAGEN's intentional and wrongful conduct.

19      76.    VOLKSWAGEN is fully aware of its obligations pursuant to the CCR and

20  purports to comply with them. However, in derogation if its legal obligations, VOLKSWAGEN

21  willfully and intentionally conceals from consumers, and from the VOLKSWAGEN

22  dealerships, the all of the parts of the Class Vehicles that should be covered by the 15-year

23  150,000 mile California Emissions Warranty, in order to reduce the amount of money that

24  VOLKSWAGEN has to pay in warranty claims.

25      77.    VOLKSWAGEN is and was under a duty to disclose to consumers and to its

26  dealerships all of the parts of the Class Vehicles that should be covered under the 15-year

27  150,000 miles California Emissions Warranty.

28  ///

78.     VOLKSWAGEN is and was further under a duty to disclose to consumers and to its dealerships all of the parts of the Class Vehicles which it is required to cover under the 15-year and 150,000 mile California Emissions Warranty because:

    (1)    VOLKSWAGEN is and was in a superior position to know the true state of facts about the duration of the 15-year and 1500,000 mile California Emissions Warranty and which parts of the Class Vehicles should be covered;

    (2)    VOLKSWAGEN has made partial disclosures about the extent of the 15-year and 150,000 mile California Emissions Warranty;

    (3)    VOLKSWAGEN has actively concealed and failed to identify all of the parts of the Class Vehicles that are covered under the 15-year and 150,000 mile California emissions warranty; and,

    (4)    Members of the Class, including Plaintiff, have suffered actual loss due to VOLKSWAGEN's concealment and false representations.

79.     The facts concealed and not disclosed by VOLKSWAGEN to Plaintiff and members of the Class are material. Had Plaintiff and members of the Class known the true extent of the 15-year and 150,000 mile California Emissions Warranty, and had VOLKSWAGEN been truthful to its dealerships and members of the Class with regard to identifying all of the parts and repairs of the Class Vehicles that are covered under the 15-year and 150,000 mile California Emissions Warranty, Plaintiff and members of the Class would have been able to avoid spending money in order to repair VOLKSWAGEN vehicles sold and leased in California. As a result, Plaintiff and members of the Class have suffered damage.

80.     In order to minimize the amount of money that VOLKSWAGEN spends on warranty related repairs, VOLKSWAGEN continues to conceal the parts of the Class Vehicles that should be covered under the 15-year and 150,000 mile California Emissions Warranty.

81.     Furthermore, VOLKSWAGEN has refused to, and continues to refuse to provide 15-year and 150,000 mile California Emissions Warranty coverage relating to all repairs of the Class Vehicles which should be covered under said warranty pursuant to California law. This refusal is intentional, willful, unfair, and unlawful.

**SECOND CLAIM FOR RELIEF**

**Violation of California Consumers Legal Remedies Act**

**(Cal. Civil Code §§ 1750 *et seq.*)**

82.    Plaintiff re-alleges and incorporates by reference each allegation set forth above.

83.    VOLKSWAGEN has violated Section 1770 of the California Consumers Legal Remedies Act, Cal. Civ. Code Section 1750, *et seq.* (the "CLRA"). The violation results from VOLKSWAGEN's failure to keep its promise to the State of California, and members of the Class, including Plaintiff, that it would honor the terms of the VOLKSWAGEN warranty, and by doing so, that it would honor the terms of the CCR. Furthermore, the VOLKSWAGEN warranty booklet provided by VOLKSWAGEN to consumers, including Plaintiff, specifically references the California Emissions Warranty, and both inferentially and specifically represents that it will honor the terms of the CCR, however VOLKSWAGEN has refused, and continues to refuse to honor the terms of the CCR, as stated herein.

84.    Plaintiff is a consumer who was wrongfully required to pay for repairs which should have been paid for by VOLKSWAGEN pursuant to the CCR. The Vehicle was presented by Plaintiff for repairs at VOLKSWAGEN authorized repair facilities, in compliance with the terms and conditions of the VOLKSWAGEN warranty. The Vehicle required repairs which should have been covered pursuant to the CCR, based upon the Vehicle's mileage and age. VOLKSWAGEN wrongfully failed and refused to pay for the warranty repairs due to the unlawful pattern and practice set forth herein. Thus, Plaintiff suffered damage.

85.    VOLKSWAGEN knows that it is violating the terms of the CCR, however VOLKSWAGEN intentionally violates the CCR in order to save money. Plaintiff and members of the Class are generally unaware of the terms and scope of the CCR, thus VOLKSWAGEN is able to get away with said wrongful conduct. As a result, Plaintiff and members of the Class have suffered damage. VOLKSWAGEN engages in a systemic pattern of denying warranty claims relating to Class Vehicles under the CCR relating to parts which are actually covered under the California Emissions Warranty for 15-years or 150,000 miles.

///

86.    Plaintiff and members of the Class have presented VOLKSWAGEN vehicles to VOLKSWAGEN authorized repair facilities for repairs that should have been covered under the CCR, but coverage has been wrongfully denied to them. As a result, Plaintiff and members of the Class have thus suffered damage. Plaintiff brings this claim on behalf of herself and the Class.

87.    VOLKSWAGEN's conduct in warranting, advertising, leasing, selling and distributing vehicles in the State of California, while at the same time knowingly and wrongfully failing to honor the terms of the CCR, constitutes the following violations of Section 1770:

(a)    VOLKSWAGEN represents and has represented that the Class Vehicles sold and leased in the State of California have characteristics or benefits which they did not have (in violation of Section 1770(a)(5));

(b)    VOLKSWAGEN has falsely represented that the Class Vehicles sold and leased in the State of California were of a particular standard, quality, or grade when they were of another (in violation of Section 1770(a)(7)); and,

(c)    VOLKSWAGEN advertised the Class Vehicles that have been sold and leased in the State of California with the intent not to sell them as advertised (in violation of Section 1770(a)(9)).

88.    Civil Code section 1780(a) provides that any consumer who suffers damage as a result of a violation of the CLRA may bring an action to recover: 1) actual damages, but in no case shall the total award of damages in a class action be less than $1,000; 2) an order enjoining the methods, acts, or practices; 3) restitution of property; 4) punitive damages; and 5) any other relief that the court deems proper.

89.    Civil Code section 1781 provides that Plaintiff may pursue this case as a class action.

90.    Plaintiff requests injunctive relief pursuant to Civil Code 1782(d).

91.    Plaintiff is entitled to attorney fees pursuant to Civil Code section 1780(e).

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, prays for relief and judgment against VOLKSWAGEN as follows:

(a)    An order certifying the proposed Class designating Plaintiff as named representative of the Class, and designating the Plaintiff's Counsel as Class Counsel;

(b)    A declaration that VOLKSWAGEN is financially responsible for notifying all Class members about the wrongful conduct set forth herein;

(c)    An order enjoining VOLKSWAGEN from further deceptive distribution, sales, and lease practices, and to reimburse both Plaintiff and the Class for the money wrongfully paid by Plaintiff and members of the Class relating to repairs to Class Vehicles which should have been covered by VOLKSWAGEN under the 15-year and 150,000 mile California Emissions Warranty;

(d)    An award to Plaintiff and members of the Class of compensatory, exemplary, and statutory damages, including interest, in an amount to be proven at trial;

(e)    An award to Plaintiff and members of the Class of any repair costs they are owed;

(f)    A declaration that VOLKSWAGEN must disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received as a result of the wrongful conduct set forth herein, or make full restitution to Plaintiff and members of the Class;

(g)    An award of attorneys' fees and costs, as allowed by law;

(h)    An award of attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5;

(i)    An award of pre-judgment and post-judgment interest;

(j)    Leave to amend the Complaint to conform to the evidence produced at trial; and

(k)    Other relief as may be appropriate under the circumstances.

///

///

1

## **DEMAND FOR JURY TRIAL**

2        Pursuant to Federal Rules of Civil Procure, Rule 38(b), Plaintiff hereby demands a trial

3    by jury as to all claims so triable.

4

5    Dated: July 16, 2021              Respectfully submitted,

6                        **THE LAW OFFICE OF ROBERT STARR**

7

8                        /S/

                By: _____

9                        Robert L. Starr

10                       *Attorneys for Plaintiff*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28